# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

RECEIVED
2021 OCT 12 P 12:49
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **STEVEN HOOKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No: |
| | ) | 1:21-CV-682 |
| v. | ) | |
| | ) | |
| **SHWINCO ARCHITECTURAL** | ) | |
| **PRODUCTS, LLC** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for legal and equitable relief to redress race discrimination and retaliation against Steven Hooks. The suit is brought pursuant to Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, (hereinafter "Title VII"); and 42 U.S.C. §1981 (hereinafter "§1981"), which provide for relief against discrimination and retaliation in employment. Plaintiff seeks injunctive relief, lost wages, equitable relief, compensatory damages, and punitive damages.

### II. JURISDICTION & VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331,

1

1343, 2201 and 38 U.S.C. §4323(b)(3).

3. The Plaintiff requests a jury trial on all triable issues.

## III. PARTIES

4. Plaintiff, Steven Hooks, is an African-American male resident of the State of Alabama and is over the age of 19 years.

5. Defendant, Shwinco Architectural Products, LLC (hereinafter "Defendant"), is an employer doing business in this district. At all times relevant to this action, the Defendant is an employer within the meaning of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964. Venue is proper in this Court pursuant to 28 U.S.C. §1367 and 38 U.S.C. §4323(c)(2).

## IV. STATEMENT OF FACTS AND CLAIMS

6. Plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail hereinbelow.

7. Plaintiff Steven Hooks (African-American) worked for Defendant from September 2017 until March 25, 2021, when he was terminated.

8. Plaintiff worked in the Window Department and Receiving Department.

9. In February 2021, Plaintiff inquired about a promotional opportunity in the Receiving Department.

10. Plaintiff was told that the position was going to Brenda Thift, white female.

11. Plaintiff was more qualified than Thift for the position.

12. The job was not posted and there was no application process.

13. Plaintiff complained of discrimination to his supervisor, Aaron Hyatt.

14. On March 24, 2021, Plaintiff requested a meeting with Hyatt and Human Resources to discuss his concerns.

15. After receiving no response to his request for a meeting, Plaintiff went to Human Resources on March 25, 2021; however, the door was closed.

16. Plaintiff returned to Human Resources later in the day. Upon arriving, Plaintiff was told by Plant Manager, Joshua Lowe, that they need to meet and Plaintiff met with Lowe, Hyatt, and Heather Tindell, Human Resources Director.

17. Lowe informed Plaintiff that he was being terminated. Lowe stated, "We appreciate your service, but we are letting you go because it seems you are unhappy here." Plaintiff asked Lowe to confirm the reason he was being terminated was because Plaintiff was "unhappy here" and Lowe confirmed.

18. After his termination, Plaintiff repeatedly requested from Human Resources paperwork related to his termination. Plaintiff was informed that the

paperwork/termination notice was prepared after he left and she would have to get it from Lowe.

19. Despite Plaintiff's repeated requests, he never received written information related to his termination or a copy of the termination notice.

20. Plaintiff's evaluation performed two months prior to his termination was good to excellent, indicated no performance issues or poor conduct, nor any problems with his attitude.

21. Plaintiff's termination form states as the reason for his termination, "It was reported that employee was disgruntled due to a co-worker being promoted over him. Employee expressed that to other co-workers and said it was discrimination and that he was going to get an attorney to sue Shwinco."

22. Plaintiff's termination was based on race and in retaliation for engaging in protected activity.

23. Defendant does not have a legitimate, non-discriminatory or non-retaliatory reason for the termination.

24. Defendant's reason was pretext for retaliation and discrimination.

25. Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

4

26. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT ONE: CLAIM OF RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981 & TITLE VII

27. Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 26 above with the same force and effect as if fully set out in specific detail herein below.

28. Plaintiff brings this action against Defendant for discrimination related to the failure to promote Plaintiff and his termination.

29. Plaintiff was subjected to disparate treatment by Defendant based on his race.

30. Plaintiff was interested in a promotion and had expressed interest in said positions.

31. Plaintiff was as qualified, if not more qualified, than the white individual, Thift, who was selected for a promotion.

32. The promotional opportunity was not posted and there was no application process.

33. After Plaintiff was informed that Thift was going to receive the promotion, Plaintiff complained of discrimination to his supervisor, Aaron Hyatt.

34. On March 24, 2021, Plaintiff requested a meeting with Hyatt and Human Resources to discuss his concerns.

35. After receiving no response to his request for a meeting, Plaintiff went to Human Resources on March 25, 2021; however, the door was closed.

36. Plaintiff returned to Human Resources later in the day. Upon arriving, Plaintiff was told by Plant Manager, Joshua Lowe, that they need to meet and Plaintiff met with Lowe, Hyatt, and Heather Tindell, Human Resources Director.

37. Lowe informed Plaintiff that he was being terminated. Lowe stated, "We appreciate your service, but we are letting you go because it seems you are unhappy here." Plaintiff asked Lowe to confirm the reason he was being terminated was because Plaintiff was "unhappy here" and Lowe confirmed.

38. Plaintiff's termination form states as the reason for his termination, "It was reported that employee was disgruntled due to a co-worker being promoted over him. Employee expressed that to other co-workers and said it was discrimination and that he was going to get an attorney to sue Shwinco."

39. Defendant has asserted multiple false reasons for Plaintiff's termination which conflict with what was stated on the termination notice and are pretext for discrimination.

40. Defendant had no legitimate, non-discriminatory reason for its conduct related to the promotion or the termination.

41. Defendant's reason for its actions are pretext for race discrimination.

42. Defendant has a pattern and practice of discrimination on the basis of race.

43. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

44. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT TWO: CLAIM OF RETALIATION PURSUANT TO 42 U.S.C. §1981 & TITLE VII

45. Plaintiff re-alleges and incorporates by reference paragraphs 1-44, above with the same force and effect as if fully set out in specific detail hereinbelow.

46. Plaintiff complained to his supervisor about race discrimination he was being subjected.

47. Plaintiff had a good faith belief that the conduct was discriminatory.

48. As a result of Plaintiff's complaints, Plaintiff was terminated.

49. On March 24, 2021, Plaintiff requested a meeting with Hyatt and Human Resources to discuss his concerns.

50. After receiving no response to his request for a meeting, Plaintiff went to Human Resources on March 25, 2021; however, the door was closed.

51. Plaintiff returned to Human Resources later in the day. Upon arriving, Plaintiff was told by Plant Manager, Joshua Lowe, that they need to meet and Plaintiff met with Lowe, Hyatt, and Heather Tindell, Human Resources Director.

52. Lowe informed Plaintiff that he was being terminated. Lowe stated, "We appreciate your service, but we are letting you go because it seems you are unhappy here." Plaintiff asked Lowe to confirm the reason he was being terminated was because Plaintiff was "unhappy here" and Lowe confirmed.

53. Plaintiff's termination form states as the reason for his termination, "It was reported that employee was disgruntled due to a co-worker being promoted over him. Employee expressed that to other co-workers and said it was discrimination and that he was going to get an attorney to sue Shwinco."

54. Plaintiff's evaluation performed two months prior to his termination was good to excellent, indicated no performance issues or poor conduct, nor any problems with his attitude.

55. Defendant has asserted multiple false reasons for Plaintiff's termination which conflict with what was stated on the termination notice and are pretext for retaliation.

8

56. Plaintiff engaged in protected activity.

57. Plaintiff was subjected to adverse action.

58. Defendant's actions are casually related to Plaintiff's protected activity. A casual connection exists between the protected activity and Defendant's adverse actions.

59. Defendant's conduct was pretext for retaliation.

60. Plaintiff was treated differently than similarly situated individuals who did not complain of discrimination.

61. Because of such conduct, the Plaintiff has suffered emotional distress, embarrassment and humiliation.

62. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

## V. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and §1981.

2. Grant the Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the

Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964 and §1981.

3. Issue an injunction ordering Defendant not to engage in discrimination and acts which violate Title VII of the Civil Rights Act of 1964 and §1981.

4. Grant the Plaintiff an order requiring Defendant to make Plaintiff whole by reinstating him to the position he would have occupied in the absence of the discrimination, backpay (plus interest), front pay, compensatory damages, punitive damages, and/or nominal damages.

5. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

/s/ Rocco Calamusa, Jr.
Rocco Calamusa, Jr.
WIGGINS, CHILDS, PANTAZIS,
   FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
rcalamusa@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

_____
OF COUNSEL

**Defendant's Address:**
Shwinco Architectural Products, LLC
c/o Teri Smith
171 Jet Services Way
Dothan, AL 36303

_____
OF COUNSEL